# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MYRA BRAGGS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-01520-G (BT) |
| | § | |
| | § | |
| FLAGSHIP CREDIT | § | |
| ACCEPTANCE, | § | |
|     Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil action on June 10, 2020. On June 15, 2020, the Court sent Plaintiff a Magistrate Judge's Questionnaire seeking additional information regarding her claims. The Questionnaire informed Plaintiff that failure to respond within thirty days could result in a recommendation that this case be dismissed. More than thirty days have passed, and Plaintiff has failed to respond to the Questionnaire.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the

1

court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Plaintiff has failed to respond to the Magistrate Judge's Questionnaire. The Court must obtain additional information about the factual basis of this lawsuit to screen the complaint and determine whether the defendant should be served. The inability to proceed with this litigation is directly attributable to Plaintiff's failure to provide the information requested.

Under these circumstances, the Court should dismiss Plaintiff's complaint without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed November 12, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).